1  KENNETH E. KELLER (SBN 71450) kkeller@ksrh.com
   ANNE E. KEARNS (SBN 183336) akearns@ksrh.com
2  KELLER, SLOAN, ROMAN & HOLLAND LLP
   555 Montgomery Street, 17th Floor
3  San Francisco, California 94111
   Telephone:    (415) 249-8330
4  Facsimile:    (415) 249-8333

5  Attorneys for Plaintiff CHANEL, INC.

6
                    THE UNITED STATES DISTRICT COURT
7
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

9  CHANEL, INC., a New York corporation,    )   Case No.
10                                          )
                Plaintiff,                  )
11                                          )
   v.                                       )
12                                          )   **COMPLAINT FOR DAMAGES AND**
                                            )   **INJUNCTIVE RELIEF**
13 JESSICA GAUL, an individual, GAUL        )
   INNOVATIONS, LLC, a limited liability    )
14 company, d/b/a KAYDEN GRACE              )
   DESIGNS a/k/a                            )
15 KAYDENGRACEDESIGNS.COM,                  )
   KAREN K. GUPTON a/k/a KAREN              )
16 KEARNEY GUPTON, an individual,           )
   d/b/a THE TRENDY BABY a/k/a              )
17 THETRENDYBABY.COM,                       )
   MARGARET MALTO, an individual,           )
18 d/b/a LUNABELLE BOUTIQUE a/k/a           )
19 LUNABELLEBOUTIQUE.COM, and               )
   Does 1-10,                               )
20                                          )
                Defendants.                 )
21

22
        Plaintiff, CHANEL, INC., a New York corporation ("Chanel") hereby sues Defendants,
23
   JESSICA GAUL, an individual, GAUL INNOVATIONS, LLC, a limited liability company, d/b/a
24
   KAYDEN GRACE DESIGNS, a/k/a KAYDENGRACEDESIGNS.COM ("Kayden Grace
25
   Designs"), KAREN K. GUPTON a/k/a KAREN KEARNEY GUPTON, and individual, d/b/a THE
26
   TRENDY BABY, a/k/a THETRENDYBABY.COM ("The Trendy Baby"), MARGARET MALTO,
27
   an individual, d/b/a LUNABELLE BOUTIQUE, a/k/a LUNABELLBOUTIQUE.COM ("LunaBelle
28

Boutique"), and Does 1-10 (collectively "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121, and 1125(a). Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338.

2. Defendant Jessica Gaul ("Gaul") is subject to personal jurisdiction in this District, because she resides in the District and directs business activities towards and conducts business with consumers within the State of California and this District.

3. Defendant Gaul Innovations, LLC ("Gaul Innovations") is subject to personal jurisdiction in this District because it is organized under the laws of the State of California and has a principle place of business within this District.

4. Upon information and belief, Defendant Karen K. Gupton ("Gupton") and Defendant Margaret Malto ("Malto") reside outside of this District. However, upon information and belief, Defendants Gupton and Malto conduct business and commit the tortious activities complained of herein within this District. Specifically, Defendants Gupton and Malto sell counterfeit and infringing Chanel branded goods via their respective websites and contract with Defendant Gaul to ship the infringing goods from this District to consumers around the country. Moreover, Defendants Gupton and Malto have each sold counterfeit Chanel branded goods to consumers within the State of California.

5. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the named Defendants reside and/or conduct business in this District.

## THE PARTIES

6. Chanel is a corporation organized under the laws of the State of New York with its principal place of business located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the world, including within this District. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this District, a variety of high quality goods under multiple world famous common law and Federally registered trademarks, including those identified in Paragraph 12 below. Chanel offers for sale and

sells its trademarked goods within this District. Defendants' sales of counterfeit and infringing Chanel branded products are causing damage to Chanel within this Jurisdiction. Chanel regularly enforces its intellectual property rights and authorized this action be brought in its name.

7. Upon information and belief, Jessica Gaul is an individual, and Gaul Innovations, LLC, is a California limited liability company. Upon information and belief, Gaul and Gaul Innovations conduct business in this District at 2054 Maria Drive, Napa, California. Upon information and belief, Gaul Innovations, LLC uses the aliases "Kayden Grace Designs," and "kaydengracedesigns.com" in the operation of its business. Upon information and belief, Gaul and Gaul Innovation are directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

8. Upon information and belief, Karen K. Gupton a/k/a Karen Kearney Gupton, is an individual who resides at 2425 Stately Oaks Drive, Raleigh, North Carolina. Upon information and belief, Defendant Gupton conducts substantial business in this District through a drop shipping agreement with Defendants Gaul and Gaul Innovations. Upon Information and belief, Defendant Gupton uses the aliases "The Trendy Baby" and "thetrendybaby.com" in the operation of her business. Upon information and belief, Gaul is directly engaging in the sale of counterfeit and infringing products shipped from this District as alleged herein.

9. Upon information and belief, Margaret Malto is an individual who resides at 113 Cherokee Forest Trail, Warner Robins, Georgia. Upon information and belief, Defendant Malto conducts substantial business in this District through a drop shipping agreement with Defendants Gaul and Gaul Innovations. Upon information and belief, Malto uses the aliases "LunaBelle Boutique" and "lunabellboutique.com" in the operation of her business. Upon information and belief, Defendant Malto is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

10. Defendants Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this District. Further, Does 1-5 are directly and personally contributing, inducing and engaging in the sale of counterfeit products as alleged herein as partners

1  or suppliers to the named Defendants. Chanel is presently unaware of the true names of Does 1-5.
2  Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

3      11.    Defendants Does 6-10 are, upon information and belief, business entities who reside
4  and/or conduct substantial business within this District. Further, Does 6-10 are directly and
5  personally contributing, inducing and engaging in the sale of counterfeit products as alleged herein
6  as partners or suppliers to the named Defendants. Chanel is presently unaware of the true names of
7  Does 6-10. Chanel will amend this Complaint upon discovery of the identities of such fictitious
8  Defendants.

## COMMON FACTUAL ALLEGATIONS

10      12.    Chanel is the owner of all rights in and to the following trademarks, which are valid
11  and registered on the Principal Register of the United States Patent and Trademark Office
12  (collectively the "Chanel Marks"):

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| (CC logo) | 1,501,898 | August 30, 1988 | (Int'l Class: 6) Keychains<br>(Int'l Class: 14) Costume jewelry<br>(Int'l Class: 16) Gift wrapping paper<br>(Int'l Class: 25) Blouses, shoes, belts, scarves, jackets, men's ties<br>(Int'l Class: 26) Brooches, buttons for clothing |
| (CC logo) | 1,241,264 | June 7, 1983 | (Int'l Class: 25) Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, tee-shirts, coats, raincoats, scarves, shoes and boots |
| CHANEL | 1,241,265 | June 7, 1983 | (Int'l Class: 25) Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, coats, raincoats, scarves, shoes and boots |

The Chanel Marks are used in connection with the manufacture and distribution of quality goods in the categories identified above.

13. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality goods, including shoes, for an extended period of time.

14. The Chanel Marks are well-known and famous and have been for many years. Chanel has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

15. Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high quality shoes and other goods and has carefully monitored and policed the use of the Chanel Marks. Chanel has spent millions of dollars promoting the Chanel Marks and products bearing the Chanel Marks. In recent years, annual sales of products bearing the Chanel Marks have totaled in the hundreds of millions of dollars within the United States.

16. As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks as being high quality luxury goods sponsored and approved by Chanel.

17. Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality shoes and other goods.

18. The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned.

19. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

20. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

21. Chanel has discovered Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale products in interstate commerce bearing counterfeit and infringing trademarks which are exact copies of the Chanel Marks, including, at least, shoes (the

"Counterfeit Goods"). Specifically, upon information and belief, Defendants are using the Chanel Marks in the same stylized fashion, for different quality goods.

22. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Chanel's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of Defendants' actions will be to result in the confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from and approved by Chanel.

23. Defendants advertise their Counterfeit Goods for sale to the consuming public. In so advertising these products, Defendants use the Chanel Marks. Indeed, Defendants herein misappropriated Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine products. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks have occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

24. Upon information and belief, Defendants are conducting their counterfeiting and infringing activities at least within this District. As a result, Defendants are defrauding Chanel and the consuming public for the Defendants' own benefit. Defendants' infringement and disparagement of Chanel does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

25. Defendants' use of the Chanel Marks, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

26. Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to

Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

27.   Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Chanel's genuine goods and Defendants' Counterfeit Goods.

28.   Chanel has no adequate remedy at law.

29.   Chanel is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

30.   The injuries and damages sustained by Chanel have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

31.   Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

32.   This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Chanel Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of their Counterfeit Goods.

33.   Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing shoes bearing the Chanel Marks. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit shoes.

34.   Defendants' indivisible and coordinated, concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among

members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

35. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

36. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

38. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

39. Defendants' Counterfeit Goods bearing and sold under the Chanel Marks have been widely advertised and distributed.

40. Defendants' Counterfeit Goods bearing and sold under the Chanel Marks are virtually identical in appearance to each of Chanel's respective genuine goods. However, the Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

41. Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Chanel's detriment.

42. Specifically, Defendants have authorized an infringing use of the Chanel Marks in Defendants' advertisement and promotion of their counterfeit and infringing shoes. Defendants have

misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

43. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

44. Chanel has sustained indivisible injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to their goodwill and business reputation as well as monetary damages.

## **PRAYER FOR RELIEF**

45. WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

    a. Entry of preliminary and permanent injunctions pursuant to Federal Rule Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, or in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, shoes; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel

1 and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

2        b.     Entry of an Order requiring Defendants to account to and pay Chanel for all

3 profits and damages resulting from Defendants' trademark infringing and counterfeiting activities

4 and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel 's

5 election with respect to Count I, that Chanel be awarded statutory damages from each Defendants in

6 the amount of two million dollars ($2,000,000.00) per each counterfeit Chanel Mark used and

7 product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

8        c.     Entry of an award of Chanel's costs and reasonable attorneys' fees and

9 investigative fees associated with bringing this action.

10       d.     Entry of an award of pre-judgment interest on the judgment amount.

11       e.     Entry of an Order for any further relief as the Court may deem just and proper.

12

13 Dated: July 9, 2014                  KELLER, SLOAN, ROMAN & HOLLAND LLP

14                                    By: _____/S/_____
15                                        ANNE E. KEARNS
                                       Attorneys for Plaintiff Chanel, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28