KENNETH E. KELLER (SBN 71450) kkeller@ksrh.com
ANNE E. KEARNS (SBN 183336) akearns@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 249-8330
Facsimile:   (415) 249-8333

Attorneys for Plaintiff CHANEL, INC.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA GAUL, an individual, GAUL INNOVATIONS, LLC, a limited liability company, d/b/a KAYDEN GRACE DESIGNS a/k/a KAYDENGRACEDESIGNS.COM, KAREN K. GUPTON a/k/a KAREN KEARNEY GUPTON, an individual, d/b/a THE TRENDY BABY a/k/a THETRENDYBABY.COM, MARGARET MALTO, an individual, d/b/a LUNABELLE BOUTIQUE a/k/a LUNABELLEBOUTIQUE.COM, and Does 1-10,<br><br>Defendants. | Case No. CV 14-cv-03105-JSW<br><br>**PLAINTIFF'S UNILATERAL CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:    January 16, 2015<br>Time:    11:00 a.m.<br>Dept.:   CR 5, 2nd Floor<br>Judge:   Jeffrey S. White |

Plaintiff Chanel, Inc. ("Plaintiff" or "Chanel") submits this Unilateral Case Management Statement and [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California dated August 25, 2014, Civil Local Rule 16-9, and this Court's Order dated October 30, 2014 (ECF 59).

Chanel is submitting this Case Management Conference Statement on a unilateral basis because no active Defendants currently remain in this matter.  On October 28, 2014, this Court entered a Stipulated Consent Judgment and Permanent Injunction with respect to Defendants Jessica Gaul, an individual, Gaul Innovations, LLC, a limited liability company, d/b/a Kayden Grace Designs a/k/a kaydengracedesigns.com ("Defendant Gaul").  (ECF 56).  On January 8, 2015, this Court entered a Stipulated Consent Final Judgment and Permanent Injunction entered with respect to Defendant Margaret Malto, an individual, d/b/a Lunabelle Boutique, a/k/a lunabellboutique.com (ECF 64).

The only other remaining Defendant is Karen K. Gupton a/k/a Karen Kearney Gupton, an individual, d/b/a The Trendy Baby a/k/a thetrendybaby.com ("Defendant Gupton").  On October 29, 2014 Chanel filed a Motion for Entry of Final Default Judgment against Defendant Gupton which is scheduled to be heard on January 15, 2015 before Magistrate Judge Kandis A. Westmore (ECF 57, 62) (a day prior to the Case Management Conference).

Accordingly, Plaintiff Chanel unilaterally submits its Case Management Statement which references Defendant Gupton only as the Court has yet to enter Judgment against her.

**1. Jurisdiction & Service**

The claims alleged in Plaintiff's first amended complaint arise under the Trademark Act, 15 U.S.C. § 1114 and §1125(a) for trademark infringement and counterfeiting and false designation of origin.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has personal jurisdiction over Defendant Gupton, because she purposely directed her illegal activities towards this forum by entering into a drop shipping agreement with Defendant Gaul to ship counterfeit Chanel Goods from the Northern District of California, and by advertising, promoting, and offering for sale counterfeit Chanel Goods within the State of California.  Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b).

//

//

**2. Facts**

Plaintiff alleges that Defendant Gupton engaged in the intentional and willful manufacture, distribution, promotion and/or sale of, among other things, shoes, and other goods bearing the Plaintiff's trademarks identified in Paragraph 12 of the First Amended Complaint.

**3. Legal Issues**

Not applicable in view of Defendant Gupton's default.

**4. Motions**

As of the submission of this Unilateral Case Management Statement, the only motion pending before this Court is Plaintiff's Motion for Final Default Judgment and Permanent Injunction against Defendant Gupton which is scheduled to be heard on January 15, 2015 (ECF 57, 62).

**5. Amendment of Pleadings**

At this time, the Plaintiff does not anticipate adding any additional parties or amending its claims. Plaintiff proposes that the last day to amend the pleadings and the last day to join additional parties shall be 90 days from the date of the case management conference.

**6. Evidence Preservation**

Plaintiff is in compliance with evidence preservation.

**7. Disclosures**

Not applicable in view of Defendant Gupton's default.

**8. Discovery**

Not applicable in view of Defendant Gupton's default.

**9. Class Actions**

Not applicable.

**10. Related Cases**

None.

**11. Relief**

As detailed in its Motion for Final Default Judgment, pursuant to 15 U.S.C. § 1117 (c), has

PLAINTIFF'S UNILATERAL CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. CV 14-cv-03105-JSW

requested an award of statutory damages, and entry of a permanent injunction against Defendant Gupton.

**12. Settlement and ADR**

<u>Settlement</u>: To date, Plaintiff and Defendant Gupton have not engaged in any informal settlement negotiations.

<u>ADR Plan</u>: Not applicable in view of Defendant Gupton's default.

Plaintiff has filed its ADR Certification attesting to those matters set forth at ADR Local Rule 3-5(b).

**13. Consent to Magistrate Judge For All Purposes**

__ YES    X NO

**14. Other References**

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

Not applicable in view of Defendant Gupton's default.

**16. Expedited Trial Procedure**

Not applicable.

**17. Scheduling**

Not applicable in view of Defendant Gupton's default.

**18. Trial**

Not applicable in view of Defendant Gupton's default.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

**20. Professional Conduct**

Counsel for Chanel has reviewed the Guidelines for Professional conduct for the Northern District of California.

**21. Other**

Plaintiff does not identify any other issues affecting case management.

Dated:  January 9, 2015                    KELLER, SLOAN, ROMAN & HOLLAND LLP

By: _____/S/_____
       Anne E. Kearns
       Attorneys for Plaintiff Chanel, Inc.

### [PROPOSED] CASE MANAGEMENT ORDER

The above UNILATERAL CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED**.

Dated:

JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE

# PROOF OF SERVICE
## CHANEL, INC. v. JESSICA GAUL, ET AL.
## USDC-N, CASE NO.: 14-CV-03105-JSW

I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years and not a party to or interested in the within-entitled action. I am an employee of **KELLER, SLOAN, ROMAN & HOLLAND LLP**, and my business address is 555 Montgomery Street, 17th Floor, San Francisco, California 94111.

On January 9, 2015, I served following document(s)

**PLAINTIFF'S UNILATERAL CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

on the person(s) listed below:

Karen K. Gupton,
aka Karen Kearney Gupton, an individual,
dba The Trendy Baby, aka thetrendybaby.com
2425 Stately Oaks Drive
Raleigh, NC  27614

Defendant Karen K. Gupton aka Karen Kearney Gupton, an individual, dba The Trendy Baby aka thetrendybaby.com

The document(s) were served by the following means:

___ **By PERSONAL SERVICE.** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m.

_X_ **By UNITED STATES MAIL.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above; and (1) deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid; or (2) placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

PROOF OF SERVICE                                                                                              1
Case No.: 14-CV-03105-JSW

**PROOF OF SERVICE**

_X_   I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

___   **By OVERNIGHT DELIVERY**.  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

___   **By MESSENGER SERVICE.**  I served the documents by placing them in an envelope or package addressed to the person at the address listed above and providing them to a professional messenger service for service.  *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below).*

___   **By FAX TRANSMISSION.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above.  No errors were reported by the fax machine that I used.

___   **By E-MAIL OR ELECTRONIC TRANSMISSION.**  Based on a court order or an agreement of the party to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic messages or other indication that the transmissions were unsuccessful.

   I declare under the penalty under the laws of the State of California that the foregoing is true and correct.

Dated:  January 9, 2015                                   *Anna Lau*
                                                                              Anna Lau

PROOF OF SERVICE                                                                                          2
Case No.:  14-cv-03105-JSW