**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHANEL, INC.,

    Plaintiff,

v.

KAREN K. GUPTON,

    Defendants.

No. C 14-03105 JSW

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter comes before the Court upon consideration of Magistrate Judge Kandis A. Westmore's Report and Recommendation (the "Report"), in which she recommends that this Court grant the motion for default judgment filed by Plaintiff Chanel, Inc. against Karen K. Gupton a/k/a Karen Kearney Gupton, d/b/a The Trendy Baby a/k/a thetrendybaby.com. No objections were filed.

Having considered the Report, Plaintiff's papers, the relevant legal authority, and the record in this case, the Court finds the Report thorough and well-reasoned and adopts it in every respect. Accordingly, Plaintiff's motion for default judgment is GRANTED IN PART AND DENIED IN PART.

Plaintiff is HEREBY AWARDED $20,000 in statutory damages and reasonable costs in the amount of $485, plus prejudgment interest at the legal rate.

The Court further enters the following permanent injunction:

Defendant and its respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with it are hereby restrained and enjoined from:

    (a)    manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing Chanel's registered Trademarks Reg. No. 1,501,898, Reg. No. 1,241,264, and Reg. No. 1,241,265 (collectively, the "Chanel Marks");

    (b)    using the Chanel Marks in connection with the sale of any unauthorized goods;

    (c)    using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant Gupton offered for sale or sold via the website operating under the domain name thetrendybaby.com and/or any other website or business, as being sponsored by, authorizes by, endorsed by, or in any way associated with Plaintiff;

    (d)    falsely representing herself as being connected with Plaintiff, through sponsorship or association;

    (e)    engaging in any act which it likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services Defendant Gupton offered for sale or sold via the website operating under the domain name thetrendybaby.com, and/or any other website, e-store, or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

    (f)    using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Marks in connection with the publicity, promotion, sale or advertising of any good sold by Defendant Gupton via the website operating under the domain name thetrendybaby.com, and/or any other website, e-store, or business, including, without limitation, shoes, bearing the Chanel Marks;

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant Gupton via the website operating under the domain name thetrendybaby.com, and/or any other website, e-store, or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

(h) otherwise unfairly competing with Plaintiff;

(i) effecting assignments or transfers, forming new entitles or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth above; and

(j) using of the Chanel Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any webpage), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites and e-stores registered by, owned, or operated by Defendant Gupton, including the commercial Internet website operating under the domain name thetrendybaby.com.

A separate judgment shall issue and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: March 2, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3